IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

POPULAR AUTO, INC.

Plaintiff

vs                                                                         CIVIL 11-2147CCC

M/V MY BOY, its engines, tackle, equipment
and furnishings, *in rem*; GIRALD R.
SETIEN-RUIZ, his wife EUNICE
MACHADO-RUIZ, and their conjugal
partnership

Defendants

## DEFAULT JUDGMENT

Upon plaintiff's Motion for Default Judgment (**docket entry 29**) and it appearing that

the defendants Girald R. Setien-Ruiz, his wife Eunice Machado-Ruiz and their conjugal

partnership, and the *in rem* defendant M/V My Boy are in default (docket entry 16), plaintiff

Popular Auto, Inc. is entitled to a judgment by default.

From the allegations and documents presented along with the verified complaint it

appears that plaintiff Popular Auto, Inc. is the holder of a Promissory Note ("the Note") in the

amount of $450,000.00, with interest at the rate of 8.75% per annum, executed by

defendants on April 10, 2006.  To secure their indebtedness, defendants also executed a

First Preferred Ship Mortgage over the vessel M/V My Boy, hull number RSNRP103J495,

to secure all of the obligations evidence by "the Note," plus accrued finance charges.

Under the Note, said amount was payable in one initial installment of $3,976.70 to

become due on May 10, 2006 and fifty-eight (58) successive monthly installments thereafter

of $3,976.70 to become due on the same date of each month, thereafter, and a final

payment of $401,865.89 to be due on the 60th month.

The Note was executed for the purpose of securing not only the payment of

$450,000.00, but also to secure all future advances made by Popular Auto, Inc. to

defendants.  The Mortgage was to remain in full force and effect to secure all future

CIVIL 11-2147CCC                                    2

advances and all renewals or extensions of the Note.  Furthermore, the Mortgage provided

that in the event of default, Popular Auto, Inc. has the right to declare the principal and all

accrued interest to become and be due and payable forthwith.  The Note also provides that

plaintiff has the right to gain possession over the vessel M/V My Boy, wherever the same

may be, and, without being responsible for loss, damage or bond of any kind. Popular Auto,

Inc. may charter, operate or otherwise use the vessel for such time and on such terms as

Popular Auto, Inc. may deem advisable, being accountable for net profits, if any, and with

the right to dock the vessel free of charge at Defendant's premises or elsewhere at

Defendant's expense; and/or sell the vessel, free from any claim of any nature whatsoever,

in the manner provided by law.

        The contracting parties may make the agreement and establish the clauses and

conditions which they may deem advisable, provided they are not in contravention of law,

morals, or public order.  Article 1207 Civil Code of Puerto Rico, 31 L.P.R.A. § 3372.   The

validity and fulfillment of contracts cannot be left to the will of one of the contracting parties.

Article 1208, Civil Code of Puerto Rico, 31 L.P.R.A. § 3373.   Contracts are perfected by

mere consent, and from that time they are binding, not only with regard to the fulfillment of

what has been expressly stipulated, but also with regard to all the consequences which,

according to their character, are in accordance with good faith, use, and law.  Article 1210,

Civil Code of Puerto Rico, 31 L.P.R.A. § 3375. Obligations arising from contracts have legal

force between the contracting parties, and must be fulfilled in accordance with their

stipulations.  Article 1044, Civil Code of Puerto Rico, 31 L.P.R.A. § 2994.

        The record shows that defendants have failed to appear and default was entered

against them.  The record also establishes that defendants have defaulted on their payment

obligations under the Note.  Accordingly, plaintiff Popular Auto, Inc. is to recover from the

*in personam* defendants Girald R. Setien-Ruiz, his wife Eunice Machado-Ruiz and their

conjugal partnership the amount of $399,102.11, interest as of October 4, 2011 in the

CIVIL 11-2147CCC                                          3

amount of $54,884.42, which continues to accumulate in the amount of $95.67 per *diem,*

plus late charges in the amount of $20,104.61 until judgment is final and thereafter at the

rate provided in 28 U.S.C. § 1961 until final payment.   Under the terms of the Note,

defendants agreed to pay Popular Auto, Inc. attorney's fees equal to fifteen percent (15%)

of the principal hereof.  Therefore, the Court also awards plaintiff the amount of $59,865.38

for attorney's fees.

It further appearing from plaintiff's Motion Requesting Entry of Judgment (**docket
entry 28**) and from the record that the M/V My Boy has not been claimed, and all other

requirements of law having been met, plaintiff is entitled to a default judgment against the

*in rem* defendant for the amount stated herein and entitled to the proceeds from the sale of

the M/V My Boy, hull number RSNRP103J495.  Plaintiff may seek any further remedies, as

may be needed, relating to the *in rem* remedy herein granted.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on October 31, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge